UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| GENERAL STAR INDEMNITY CO., | : | Case No. 3:13-cv-114 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| SPRINGFIELD PROPERTIES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY GRANTING THE MOTION OF DEFENDANT SPRINGFIELD PROPERTIES TO DISMISS GENERAL STAR'S COMPLAINT FOR DECLARATORY JUDGMENT (Doc. 8)**

This civil case is before the Court on the Motion to Dismiss (Doc. 8) filed by Defendant Springfield Properties, Inc. ("Springfield"). Plaintiff General Star Indemnity Company ("General Star") filed a Memorandum in Opposition. (Doc. 10). Thereafter, Springfield filed a Reply. (Doc. 11). Springfield's Motion is now ripe for decision.

**FACTUAL ALLEGATIONS**

This case concerns an insurance coverage dispute brought in this Court on the basis of diversity jurisdiction. General Star is an excess insurer who seeks a declaration that it has no obligation to defend or indemnify Colin Garrett, doing business as American Builders General Contractors, LLC (hereinafter "American Builders"), in connection with a lawsuit filed by Springfield against American Builders in the Clark County Ohio Court of Common Pleas (the "state case").

Springfield is believed to be the owner of real property located at 3000 East Main Street, Springfield, Ohio ("the property"). Springfield is believed to have contracted with American Builders to install a new roof system on the property. At the time of the repairs, the Cincinnati Specialty Underwriters Insurance Company ("CSU") purportedly insured American Builders under a primary liability insurance policy. Plaintiff General Star allegedly issued an excess insurance policy to American Builders effective November 12, 2009. American Builders allegedly cancelled the excess policy effective March 19, 2010.

In June 2010, Springfield filed the state case against American Builders and several subcontractors alleging that the roof repairs were faulty and that American Builders was negligent in performing the repairs. A jury ultimately returned a verdict in favor of Springfield, and against American Builders, in the amount of $2,182,873.00. The state court entered judgment in that amount against American Builders.

On April 16, 2013, General Star filed its Complaint for Declaratory Judgment (Doc. 1) in this Court. General Star requests this Court to declare that General Star has no obligation under the excess policy for the defense or indemnity of American Builders in the state case. General Star generally contends that the claims and damages at issue in the state case do not fall within the coverage provided by the excess policy or are excluded by its terms. In addition to the language of the excess policy, General Star contends that the claims and damages at issue are not covered, or are excluded by, the

terms and conditions of the underlying liability CSU policy, and that the terms and exclusions of the CSU policy apply equally to the excess policy.

On or about April 24, 2013, Springfield, as judgment creditor of American Builders, filed a supplemental complaint against General Star and CSU in the state case (Doc. 8-4) pursuant to Ohio Rev. Code § 3929.06(A)(2).  In the supplemental state complaint, Springfield alleges that CSU and General Star must pay the judgment issued against its insured, American Builders.

## ANALYSIS

Springfield contends that the Court should abstain from exercising jurisdiction over this declaratory judgment action pursuant to its discretionary authority under 28 U.S.C. § 2201(a).  In addition, Springfield argues that the Court should abstain from exercising jurisdiction over General Star's declaratory judgment action under the *Colorado River* abstention doctrine because a parallel proceeding remains pending in state court.

### The Court's Discretion Under § 2201(a)

Pursuant to 28 U.S.C. § 2201(a), "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  A declaration under § 2201(a) "shall have the force and effect of a final judgment or decree and shall be reviewable as such."  *Id*.  Because the word "may" appears in § 2201(a), district courts ultimately possess "discretion to decide whether to

3

entertain actions for declaratory judgments." *Adrian Energy Associates v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414, 421 (6th Cir. 2007).

The Sixth Circuit employs a "five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment" action. *Id*. at 422. Those five-factors include:

> (1) whether the judgment would settle the controversy;
>
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
>
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
> (5) whether there is an alternative remedy that is better or more effective.

*Id*. (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000)). Courts are "particularly reluctant to entertain federal declaratory judgment actions premised on diversity jurisdiction in the face of a previously-filed state-court action." *Id*. at 421. Such reluctance stems from concern that, "even if the plaintiffs acted in good faith, the ultimate outcome of their procedural behavior has been to wrest the case away from the state courts[.]" *Id*. at 421-22.

Here, Springfield concedes that this action would settle the controversy, at least as to General Star Indemnity, and would serve a useful purpose in clarifying legal relations

4

between the parties at issue. While the Court recognizes Springfield's concession as to the first factor, the Court also notes that this action is only part and parcel to a larger overall action pending in the Clark County, Ohio Court of Common Pleas wherein Springfield seeks to recover a $2,182,873 judgment against American Builders and its alleged insurers, General Star and CSU. In other words, while this declaratory judgment action may settle the controversy between General Star and Springfield, it would not settle the controversy between Springfield and American Builders or Springfield and CSU. While the second factor favors entertaining this action, the Court concludes that the first factor is neutral.

Concerning the third factor, it "is meant to preclude jurisdiction for 'declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum.'" *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 558 (6th Cir. 2008) (citing *AmSouth Bank v. Dale*, 386 F.3d 763 (6th Cir. 2004)). In considering this factor, courts consider "whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first." *Id*. (citation omitted). However, courts "are reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id*.

Springfield asserts that General Star initiated this action in federal court for the purpose of procedural posturing, such as adding unnecessary complexity and costs to Springfield's attempts to collect the state court judgment. Springfield supports this contention by merely pointing at the fact that General Star filed the Complaint in this

5

case a mere eight days before Springfield initiated the supplemental proceeding in state court. The Court is not inclined to conclude that General Star filed this action merely for procedural posturing purposes based solely on the timing of the filings, and therefore, the third factor does not weigh in favor of Springfield's argument.

With regard to the fourth factor, *i.e.*, whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction, the Sixth Circuit instructs courts to consider three factors. *Bituminous Cas. Corp. v. J&L Lumber Co., Inc.*, 373 F.3d 807, 814-15 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000)). Those factors are:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Id.* (citation omitted).

Here, underlying factual issues are certainly important to determine whether the claims set forth against American Builders are covered. The state court, having already tried and issued judgment against American Builders, is certainly in a better position, at this time, to evaluate the factual issues. In addition, any potential coverage by General Star is subject to the limits, terms and conditions of the policy issued by CSU, who is not a party to this action, but is a party to the supplemental state court proceeding. As a

result, any determination by this Court concerning the limits, terms and conditions of the CSU policy may potentially conflict with the state court's conclusions in that regard. Finally, this case is before the Court solely on the basis of diversity "and neither federal common law nor federal statutory law apply to the substantive issues of the case." *Bituminous*, 373 F.3d at 816. Thus, "[a]ll three of the *Scottsdale* factors indicate that exercise of jurisdiction in this case could create friction between the state and federal courts." *Id*.

Finally, with regard to the fifth factor, *i.e.*, whether there is an alternative remedy that is better or more effective, the state court supplemental proceeding provides an alternative avenue for General Star to assert any and all defenses to coverage. *See Sanderson v. Ohio Edison Co.*, 69 Ohio St.3d 582, 585 (Ohio 1994)(stating that "an insurer in a supplemental proceeding under [Ohio] R.C. 3929.06 has available to it any defense arising from the insured's failure, in the underlying action, to satisfy any conditions in the insurance policy which are a prerequisite to indemnification"); *see also Westfield Companies v. Gibbs*, No. 2004-L-058, 2005 WL 1940305 (Ohio App. 2005).

In addition, the state supplemental proceeding is better and more effective than this separate declaratory judgment action. Again, any potential coverage by General Star is subject to the limits, terms and conditions of the policy issued by CSU, who is not a party to this action, but is a party to the state court action. Because all issues and parties are currently before the state court, in which American Builders' liability and damages

7

have already been determined, the state court supplemental proceeding presents a more effective venue for determining the issues of coverage.

Finally, the Court notes that choosing not to exercise jurisdiction over this declaratory judgment action avoids piecemeal litigation and gives the state court the ability to adjudicate the entire controversy without the risk of conflicting findings by this Court.  Because the *Scottsdale* factors weigh in favor of this Court declining to exercise jurisdiction over this declaratory judgment action, the Court will exercise its discretion and not entertain General Star's Complaint for Declaratory Judgment.  Accordingly, Springfield's Motion to Dismiss is **GRANTED** and General Star's Complaint is **DISMISSED** without prejudice.

## *Colorado River* Abstention

Further, even if the Court did not reach the foregoing conclusion, the Court would choose to abstain from hearing this case under the *Colorado River* abstention doctrine, which provides that "that federal courts may abstain from hearing a case solely because there is similar litigation pending in state court."  *Bates v. Ban Buren Twp.*, 122 Fed. Appx. 803, 806 (6th Cir. 2004) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).  Although "[t]he threshold question in *Colorado River* abstention is whether there are parallel proceedings in state court[,]" state proceedings "need not be identical, [but] merely 'substantially similar.'"  *Id.* (citing *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 31 (6th Cir. 1984); *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990)).

Here, these proceedings and the state proceedings, if not substantially identical, are, at the least, substantially similar. In the state court supplemental proceeding, Springfield asserts that General Star must pay up to the limits of its coverage by virtue of the fact that it insured American Builders under an excess insurance policy and because Springfield is American Builders' judgment creditor. Because General Star can assert any and all defenses to coverage in the state court supplemental proceeding, this declaratory judgment action, in which General Star asserts that has no duty to indemnify American Builders with regard to the judgment entered against American Builders in the state court, is a parallel proceeding.

Where parallel state proceedings exist, this Court "must next examine whether judicial economy warrants abstention." *Bates*, 122 Fed. Appx. at 807. To do so, the Court considers the following factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained . . . (5) whether the source of governing law is state or federal . . . (6) the adequacy of the state court action to protect the federal plaintiff's rights . . . (7) the relative progress of the state and federal proceedings . . . ; and (8) the presence or absence of concurrent jurisdiction,

*Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998) (internal citations omitted).

Here, the first, second fourth factors weigh against abstention. There is no res or property at issue, there is no evidence that the federal forum is less convenient to the parties and General Star filed this action before Springfield asserted the supplemental

9

state proceedings. The weight accorded to the order in which jurisdiction was obtained, however, is perhaps minimized by the fact that the underlying state court action against American Builders was filed years before General Star initiated this case.

Nevertheless, the remaining factors all weigh heavily in favor of abstention. As more fully set forth above, should this Court proceed in this declaratory judgment action, piecemeal litigation would result. Further, state law provides the law governing the relationship between the parties. Again, General Star can set forth all of its coverage defenses in the state court supplemental proceeding, and therefore, the state supplemental proceeding will adequately protect General Star's rights. The state court proceedings are also considerably more advanced in that the state court considered the underlying claims against American Builders through the liability, damages and final judgment stages. Finally, while concurrent jurisdiction appears to exist, jurisdiction in this Court is based solely upon diversity and application of state law will ultimately determine the controversy. Accordingly, the Court finds that the factors weigh in favor of abstention.

## CONCLUSION

As set forth above, the Court concludes that it should decline to exercise jurisdiction over the declaratory judgment action filed by General Star. Further, even if the Court concluded that factors weighed in favor of considering the controversy, the Court finds that it should abstain from exercising jurisdiction based upon the *Colorado River* abstention doctrine. As a result, the Springfield's Motion to Dismiss (Doc. 8) is **GRANTED** and General Star's Complaint is **DISMISSED without prejudice**.

The Clerk shall enter judgment accordingly, whereupon this case shall be **CLOSED** on the docket of this Court.

    **IT IS SO ORDERED.**

Date:  8/1/13                                         */s/ Timothy S. Black*
                                                                        Timothy S. Black
                                                                        United States District Judge